IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 8 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00327-BNB

SPENCER JONAS,
    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp Florence,
    Respondent.

## ORDER OF DISMISSAL

Applicant Spencer Jonas is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp at Florence, Colorado. Mr. Jonas initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on February 24, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On March 11, 2009, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. On March 20, 2009, Mr. Jonas filed a reply to the preliminary response.

The Court must construe the documents filed by Mr. Jonas liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Jonas is challenging the refusal by prison officials to consider him for release to a community confinement facility prior to his mandatory release date. Mr. Jonas alleges that he is serving an eight-month sentence and that he is scheduled to be released on June 18, 2009. He further alleges that in January 2009 he requested to be transferred to a community confinement facility to serve the remainder of his sentence and that his case manager denied his request. Mr. Jonas asserts that prison officials are not complying with federal statutes and regulations that authorize placement in community confinement for up to twelve months and that no inmate at the Florence prison camp has been recommended for the maximum placement in a community confinement facility. The relief Mr. Jonas seeks is to be considered for placement in a community confinement facility for the maximum amount of time.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Jonas. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by

filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

Mr. Jonas concedes in the application that he has not exhausted administrative remedies, although he did file an informal remedy request that was rejected. Despite his admitted failure to exhaust administrative remedies, Mr. Jonas argues that this action should not be dismissed for that reason. He asserts in support of his argument that this action should not be dismissed for failure to exhaust administrative remedies that he cannot complete the BOP administrative remedy procedure prior to his scheduled release date and that exhaustion would be futile because prison officials have predetermined the issue.

The Court first will address the futility argument. Mr. Jonas is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action or that the BOP has predetermined the issue he is raising.

Mr. Jonas bases his futility argument on the fact that his request for a transfer to a community confinement facility was rejected and that Respondent and other officials at the Florence prison camp have not recommended a twelve-month placement in community confinement for any other inmate at the Florence prison camp. However, the BOP administrative remedy procedure provides two levels of review beyond any decision by Respondent or any other official at the Florence prison camp. Therefore, even if prison officials at the Florence prison camp have predetermined the issue, Mr.

3

Jonas fails to demonstrate that exhaustion of administrative remedies is futile because he can appeal their decision. Similarly, Mr. Jonas' assertion that no other inmate at the Florence prison camp has been recommended for a maximum placement of twelve months in a community confinement facility also does not demonstrate that exhaustion of administrative remedies would be futile.

Mr. Jonas' argument that he cannot complete the BOP administrative remedy program prior to his scheduled release date also does not convince the Court that the exhaustion requirement should be excused in this action. Mr. Jonas cites *Pimentel v. Gonzales*, 367 F. Supp.2d 365 (E.D.N.Y. 2005), in support of his argument that the exhaustion requirement should be excused because he may be released before he completes the administrative remedy program. However, his reliance on *Pimental* is misplaced because *Pimental* did not excuse the exhaustion requirement based solely upon the fact that the petitioner likely would complete most or all of his sentence prior to completing the BOP administrative remedy program. Instead, the limited time available prior to release in *Pimental* was coupled with that court's finding that exhaustion would be futile because an administrative challenge invariably would have been denied. See *id*. at 372.

As discussed above, Mr. Jonas fails to demonstrate that the relief he seeks is not available to him through the BOP administrative remedy program. There also is no reason to believe that administrative relief necessarily would take longer than relief through the courts. The fact that Mr. Jonas now has lost some of the time available to him by choosing to seek judicial relief prior to exhausting administrative remedies does

not alter the Court's conclusion. Otherwise, a prisoner could avoid exhausting administrative remedies simply by waiting until it was possible to obtain immediate release and then proceeding to federal court and arguing that there was not enough time to exhaust administrative remedies.

For all of these reasons, the Court finds that Mr. Jonas fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 7 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00327-BNB

Spencer Jonas
Reg No. 33701-177
Federal Prison Camp-Florence
P.O. Box 5000
Florence, CO 81226-5000

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/8/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk